IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BUDDY LYNN WHITE                                                                         PLAINTIFF

v.                                    Civil No. 6:22-cv-06037-SOH-BAB

SERGEANT SPELL, SUPERINTENDENT                                                  DEFENDANTS
BYERS and MS. VICKY RAWLINS (All of
the ADC Arkansas Division of Correction
Ouachita River Unit)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.[1] Currently before the Court is Plaintiff's Motion for "Injunction or Relief." (ECF No. 6).

**I. BACKGROUND**

Plaintiff is an inmate confined to the Arkansas Division of Correction ("ADC"). He is currently confined in the Varner Unit of the ADC. On April 19, 2022, Plaintiff filed his Motion for Injunction or Relief. (ECF No. 6). The Defendants have not responded to the Motion for Injunctive relief.

---

[1] Plaintiff filed his Amended Complaint on April 27, 2022. (ECF No. 9). Defendants were served and initially an Answer was filed on behalf of all three Defendants. (ECF No. 15). Amended Answers were subsequently filed for Defendants Rawlins and Byers, but not Spell. (ECF Nos. 18, 21). Defendant Spell is no longer an employee of the Arkansas Division of Correction and has not requested representation by the Arkansas Attorney General. The Court entered a Show Cause Order to Defendant Spell regarding his failure to file an Answer on August 12, 2022. (ECF No. 30). This Order was served on Defendant Spell on August 24, 2022. (ECF No. 35). Defendant Spell has not answered or otherwise responded to the Complaint.

1

In his Motion for Injunction, Plaintiff repeats his Complaint allegation that he was assaulted by "NAE gang members" in April of 2021. (ECF No. 6 at 1). He asks the Court to (1) compel ADC staff to return his legal work, documents, and writing supplies; (2) compel the ADC administration to "stop interfering with the Plaintiff now prosecuting his 1983 Complaint;" (3) compel the ADC to transfer him to a safer ADC Unit. (*Id*. at 2). Plaintiff also states he believes the ADC will put an inmate in his cell to rape or attack him. (*Id*.).

In his Affidavit in support of Motion for Injunction, Plaintiff states that after he informed the administration at his current place of confinement that he had filed this action, as well as filing a grievance concerning his lost property, his legal paperwork and property were found and returned to him. (ECF No. 8). He stresses that this occurred only after he filed this lawsuit. (*Id*.). Based on this Affidavit, Plaintiff's motion for injunction concerning his paperwork, writing supplies, and his prosecution of this § 1983 lawsuit is now moot, and should not be considered further. The only remaining issue is whether the Defendants should be ordered to transfer Plaintiff to a "safer unit."

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III.  ANALYSIS

Plaintiff has not met his *Dataphase* burden. Plaintiff's sole remaining request for injunctive relief asks that he be transferred from the ADC Varner Unit to a "safer" Unit. The Court notes Varner Unit is located in the Eastern District of Arkansas. Preliminary injunctive relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Therefore, the party requesting preliminary relief must "establish a relationship between the injury claimed in the party's motions and the conduct asserted in the complaint." *Id.* Here, Plaintiff failed to establish any relationship between the allegations in his Complaint and the injunctive relief requested. Plaintiff is currently housed in the ADC Varner Unit, while all of his claims in this lawsuit arise against staff in the ADC Ouachita River Unit for incidents he alleges occurred in the Ouachita River Unit. In contrast, his Motion asks that he be transferred out of the ADC Varner Unit. Thus, Plaintiff's request for injunctive relief centers on his displeasure at being housed in a

Unit different than the one in his Complaint, and at a Unit that is, moreover, outside the jurisdiction of the Western District of Arkansas.

Further, Plaintiff's request does not seek to preserve the *status quo*. Instead, he essentially asks the Court to permit him to choose where he will be housed in the ADC while this case is pending. This is not an appropriate request for injunctive relief. Prisoners also have no inherent constitutional right to placement in any particular prison; to transfer to a particular prison; to a particular security classification; or to a specific housing assignment. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."). As Plaintiff has no federal constitutional right to choose his ADC housing location, he has not met his burden of showing a likelihood of success on the merits based on his current placement in the Varner Unit, and has failed to allege any irreparable harm.

Finally, while not necessary to the conclusion here, the Court will also consider the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the ADC, which is harmful to Defendants and does not serve any public interest. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion for Injunction or Relief  (ECF No. 6) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of September 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE