IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BUDDY LYNN WHITE                                              PLAINTIFF

v.                              Case No. 6:22-cv-6037

SERGEANT SPELL, SUPERINTENDENT
BYERS, and MS. VICKY RAWLINS (all of the
ADC Arkansas Division of Correction Ouachita
River Unit)                                                  DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed on September 13, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 43. Judge Bryant recommends dismissing Plaintiff Buddy Lynn White's Motion of Injunction or Relief. ECF No. 6.

## I. BACKGROUND

Plaintiff, appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Spell, Superintendent Byers, and Ms. Vicky Rawlins, employees of the Arkansas Division of Correction (ADC) Ouachita River Unit, seeking compensatory and punitive damages. ECF No. 1. Since then, Plaintiff has filed an Amended Complaint in which he alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 9. On April 19, 2022, Plaintiff filed the instant Motion of Injunction or Relief. ECF No. 6. Plaintiff requests a preliminary injunction that does four things: (1) compels the ADC administration to return his legal work, documents, and writing supplies; (2) compels the ADC administration to stop interfering with the prosecution of his § 1983 claim; (3) compels the ADC administration to transfer him to a safer unit;

and (4) appoints counsel to him to protect him from the ADC administration's interference.[1]  ECF No. 6, at 2.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  Recommendations that are not objected to are reviewed only for clear error.  *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  Where, as here, the plaintiff seeks a preliminary injunction, such an injunction is appropriate only to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

Plaintiff has not objected, and the time for doing so has passed.  28 U.S.C. § 636(b)(1).  The Court therefore reviews Judge Bryant's Report and Recommendation (ECF No. 43) for clear error.  *See Grinder*, 73 F.3d at 795.  After careful consideration, the Court finds that Judge Bryant did not clearly err in recommending that Plaintiff's Motion of Injunction or Relief (ECF No. 6) should be

---

[1]In Plaintiff's Motion, he sets forth five requests, rather than four.  *See* ECF No. 6, at 2.  However, in one of those requests, Plaintiff states only that he "truely [sic] believes that his life is in danger," which is, alone, not a request for relief.  ECF No. 6, at 2.

denied.  However, although the Court agrees with Judge Bryant's ultimate conclusion, the Court modifies part of Judge Bryant's analysis, as is the Court's prerogative.  *See* 28 U.S.C. § 636(b)(1).

Judge Bryant finds that two of Plaintiff's requests—that the Court compel the ADC administration to return his documents and supplies and compel the ADC administration to stop interfering with his prosecution—are moot.  ECF No. 43, at 2.  Judge Bryant then finds that Plaintiff's request for the Court to transfer him to a safer unit should be denied because it is unrelated to the allegations set forth in Plaintiff's amended complaint, Plaintiff has not successfully shown that he is entitled to injunctive relief because his request does not seek to preserve the status quo, and the relief requested would "amount to direct interference by the Court with the operation and administration of the ADC."  ECF No. 43, at 4.  Finally, Judge Bryant does not address Plaintiff's request that the Court approve his motion for appointment of counsel, presumably because that request relates to Plaintiff's allegation that the ADC administration "continue[s] to interfere[e] with him prosecuting his 1983 Complaint," which Judge Bryant believes to be moot.  ECF No. 6, at 2.

The Court agrees with and adopts Judge Bryant's conclusion that Plaintiff's request for the Court to compel the return of his documents and supplies is moot, as well as Judge Bryant's conclusion that Plaintiff's request for a transfer should be denied.  However, the fact that ADC staff have returned Plaintiff's documents and supplies does not also moot Plaintiff's request for protection from interference with the prosecution of his claim or request for appointment of counsel.  Each of Plaintiff's requests are distinct from one another, as indicated by the fact that Plaintiff sets forth those requests separately, labeling each with a different number, *see* ECF No. 6, at 2, and his requests must be analyzed as such.

The Court finds that Plaintiff's request for protection and request for counsel should be denied because both requests, like his request for transfer, are "based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit."  *Devose*, 42 F.3d at 471.  In Plaintiff's Motion of Injunction or Relief, Plaintiff alleges harm

inflicted by ADC employees at the Varner Unit, but in his Amended Complaint, he alleges harm that was inflicted by ADC employees at the Ouachita Unit. For any relief sought for harm inflicted by employees of the ADC Varner Unit, Plaintiff "must file a separate lawsuit, after he has fully exhausted any available administrative remedies." *Buchanan v. Mayee*, No. 2:21-cv-13, 2021 WL 4901747, at *2 (E.D. Ark. Sept. 22, 2021).[2]

In sum, the Court adopts Judge Bryant's recommendation that Plaintiff's request for production of documents and supplies be denied because it is moot and recommendation that Plaintiff's request for transfer be denied because it is unrelated to the allegations contained in Plaintiff's complaint. However, the Court finds that Plaintiff's request for protection from interference with his prosecution and request for appointment of counsel should be denied because those requests, like his request for transfer, do not relate to the allegations contained in his Amended Complaint. Ultimately, the Court agrees with Judge Bryant's conclusion that Plaintiff's Motion of Injunction or Relief should be denied, albeit for different reasons.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** the Report and Recommendation. ECF No. 43. Plaintiff's Motion of Injunction or Relief (ECF No. 6) is hereby **DENIED**.

**IT IS SO ORDERED**, this 3rd day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2]Plaintiff previously filed a Motion to Appoint Counsel (ECF No. 12), which Judge Bryant denied (ECF No. 13). However, because Plaintiff lists this request for appointment of counsel and specifically states that counsel is needed to assist him "[s]ince ADC continues to interfere with him prosecuting his 1983 Complaint," the Court treats it as a new request. Still, because the instant request for appointment of counsel concerns the Varner Unit employees' alleged interference with Plaintiff's prosecution, the request is denied.