IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BUDDY LYNN WHITE                                                                                    PLAINTIFF

v.                                         Civil No. 6:22-cv-06037-SOH-BAB

SERGEANT SPELL, SUPERINTENDENT                                                          DEFENDANTS
BYERS and MS. VICKY RAWLINS (Inmate
Grievance Coordinator, ORCU).

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion to Amend his First Amended Complaint (ECF No. 39), Motion for Default Judgment (ECF No. 46), and Motion to Lift Protective Order. (ECF No. 48).

## I. BACKGROUND

Plaintiff is an inmate confined to the Arkansas Division of Correction ("ADC"). He is currently confined in the Varner Unit of the ADC. Plaintiff filed his Complaint on April 7, 2022. (ECF No. 1). On April 20, 2022, the Court entered an Order directing Plaintiff to file an Amended Complaint to correct deficiencies in his Complaint. (ECF No. 7). Plaintiff did so on April 27, 2022. (ECF No. 9). Plaintiff's claims center on the allegation that Defendant Spell sexually assaulted him 4-5 times "on or around about late February to early March 2021," while he was incarcerated in the ADC Ouachita River Unit. (ECF No. 9 at 4). Plaintiff brings his first claim against Defendant Spell in his individual capacity only. (*Id*. at 5). Plaintiff alleges Defendant

1

Spell used his position of authority in the ADC to threaten Plaintiff with a disciplinary charge for smoking marijuana if he did not submit to sexual activity with him. (*Id*.). Plaintiff states he is heterosexual but acquiesced to Spell's demand because he wanted to go home. (*Id*. at 5-6). Plaintiff alleges Spell then fellated him and sodomized him with his finger(s). (*Id*.). Plaintiff alleges he was interviewed by ADC Internal Affairs and passed a voice stress analysis examination concerning the assault. (*Id*. at 4). Plaintiff characterizes this claim as one of "cruel and unusual punishment/forced sexual assault" and a violation of the Gender Motivated Violence Act.[1] (*Id*.).

Plaintiff names Defendant Byers for his second claim for the period of "4-19-22 to 12-20-21," alleging that, as Superintendent of the Ouachita River Unit, he is the "highest authority responsible for the appointment employment and oversight of facility staff." (*Id*. at 7). Plaintiff alleges his "wrongful conduct occurred in his official capacity" when he "failed to properly follow inmate grievance procedural process" concerning Plaintiff grievances about the assault. (*Id*.). Plaintiff also alleges Defendant Byers put him in danger when he repeatedly allowed a single ADC officer - known to be a sexual predator- to work multiple guard posts due to a severe staff shortage. (*Id*. at 7-8). Plaintiff further alleges that he was moved to a lower inmate status barracks after the assault and ADC staff began to talk about the assault in violation of PREA confidentiality policy. This resulted in him being labelled a snitch, and he was "violently assaulted" by "N.A.E. gang members" in the new barracks. (*Id*. at 8). Plaintiff further alleges Defendant Byers conspired to prevent him from pursuing legal action by refusing to process a grievance about the assault at the Unit level, and otherwise delaying responses or refusing to process grievances. (*Id*.). Plaintiff also alleges that ADC staff lost or stole his paperwork during the process. (*Id*.). In the section of

---

[1] Plaintiff lists a fifth claim repeating the same facts and assertions against Defendant Spells. (ECF No. 9 at 13).

the Complaint form where Plaintiff is asked to indicate the capacity in which he is suing Defendant(s), Plaintiff checked the box to indicate that he is proceeding against Defendant Byers in his individual capacity. In the section of the Complaint form where Plaintiff is asked to provide details as to an official capacity claim, Plaintiff alleges Defendant Byers "violated ADC policy and procedure" when he allowed a single officer to work multiple guard posts as a widespread practice in the Unit. (*Id*. at 9). Plaintiff characterizes his claim against Defendant Byers as a violation of his right to be free from cruel and unusual punishment and deliberate indifference.[2] (*Id*. at 7).

Plaintiff names Defendant Rawlins for his third claim, alleging she acted with deliberate indifference between September 16, 2021, to December 26, 2021, and violated his rights to be free from cruel and unusual punishment. (*Id*. at 10). Specifically, he alleges she conspired with Ouachita River Unit administration to deny Plaintiff access to the grievance process concerning the sexual assault by failing to "properly follow grievance procedure process." (*Id*. at 10). Plaintiff alleges her wrongful acts occurred "while acting in her official capacity." (*Id*.). In the section of the Complaint form where Plaintiff is asked to indicate the capacity in which he is suing Defendant(s), Plaintiff checked the box to indicate he is proceeding against Defendant Rawlins in her individual capacity. (*Id*.).

Plaintiff seeks compensatory, punitive, and other damages. He alleges he now suffers from depression, deep-seated anxiety, erectile dysfunction, flashbacks, severe paranoia, and

---

[2] Plaintiff lists a fourth claim repeating the same facts and assertions against Defendant Byers. (ECF No. 9 at 12).

humiliation. (*Id*.). As his non-monetary damages, Plaintiff requests a transfer to a safer ADC Unit.[3] (*Id*. at 14).

Plaintiff timely filed his Motion to Amend his First Amended Complaint on September 9, 2022. (ECF No. 39). Defendants Byers and Rawlins[4] filed a Motion for Protective Order on September 8, 2022, asking that discovery be stayed pending a decision on a Motion for Summary Judgment to be filed on September 12, 2022. (ECF No. 37). This Motion was granted on September 9, 2022. (ECF No. 38). Defendants Rawlins and Byers filed their Motion for Summary Judgment on the Issue of Exhaustion on September 12, 2022. (EF No. 40). Plaintiff filed his Response on September 26, 2022. (ECF Nos.44, 45). Plaintiff filed his Motion for Default Judgment against Defendant Spell on October 31, 2022. (ECF No. 46). He filed his Motion to Lift Protective Order on November 14, 2022. (ECF No. 48).

---

[3] Plaintiff filed a Motion for "Injunction or Relief" on April 19, 2022. (ECF No. 6). In his Motion for Injunction, Plaintiff repeats his Complaint allegation that he was assaulted by "NAE gang members" in April of 2021. (ECF No. 6 at 1). He asks the Court to (1) compel ADC staff to return his legal work, documents, and writing supplies; (2) compel the ADC administration to "stop interfering with the Plaintiff now prosecuting his 1983 Complaint;" (3) compel the ADC to transfer him to a safer ADC Unit. (*Id*. at 2). Plaintiff also states he believes the ADC will put an inmate in his cell to rape or attack him. (*Id*.). In his Affidavit in support of Motion for Injunction, Plaintiff states that after he informed the administration at his current place of confinement that he had filed this action, as well as filing a grievance concerning his lost property, his legal paperwork and property were found and returned to him. (ECF No. 8). With these issues moot, the only issue remaining was his request to be transferred to a "safer unit." This Motion was denied on November 3, 2022. (ECF No. 47).

[4] Plaintiff filed his Amended Complaint on April 27, 2022. (ECF No. 9). Defendants were served and initially an Answer was filed on behalf of all three Defendants. (ECF No. 15). Amended Answers were subsequently filed for Defendants Rawlins and Byers, but not Spell. (ECF Nos. 18, 21). Defendant Spell is no longer an employee of the Arkansas Division of Correction and has not requested representation by the Arkansas Attorney General.

## II.  ANALYSIS

### A.  Motion to Amend

Plaintiff requests that he be permitted to make the following changes to his Amended Complaint: (1).  Clarify Claim One as an Eighth Amendment Violation and as Assault and Battery-Excessive Force; (2) Change Claims Two and Three from deliberate indifference to interference with access to courts claims; (3). Add Claim Four against Defendant Spell for Intentional Infliction of Emotional Distress; (5).  Add Claim Seven against Danny Burls for Eighth Amendment failure to protect.  (ECF No. 39).

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments***.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion in deciding to grant leave to amend.  *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330– 32 (1971).  Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile.  *See*

5

*Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

Plaintiff's requests to change his characterization of Claims Two and Three from deliberate indifference to denial of access to the courts should be denied as futile. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in several ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably

meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted). Here, Plaintiff was able to file his § 1983 case with this Court and has not alleged the existence of an actual injury to his claim. At most, Plaintiff has alleged that Defendants did not properly follow grievance procedures, which, as there is no constitutional right to either a grievance procedure or a grievance response, does not state a plausible § 1983 claim. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (no claim when defendants failed to timely and properly respond to a grievance).

Plaintiff's request to add Danny Burls as a new Defendant in this case should be denied as futile. Plaintiff asks to add Burl because he learned though discovery that "it *might* have been Mr. Burls who was assigned as superintendent at ORCU the day of the incident, even though Plaintiff remembers seeing Mr. Byers there." (ECF No. 39 at 1) (emphasis added). In the body of his proposed Second Amended Complaint, Plaintiff alleges Burls was the Unit's highest authority responsible for staffing, and "knowingly and willingly failed to properly follow ADC policy and procedure" concerning staffing. (ECF No. 39-1 at 15). Plaintiff further alleges the "administration knew that Sgt. Spell was a sexual predator" and he was normally kept away from the inmate population. (*Id.*).

First, Plaintiff's allegations do not indicate any personal involvement on the part of Burls; indeed, he is not certain if Burls was even at the Unit. Instead, he is attempting to bring Burls into the case under the theory of *respondeat superior* on the grounds that he *might* have been the Unit supervisor, which he may not do. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct

7

responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). A claim of deprivation of a constitutional right cannot be based solely on a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 654, 694 (1978). Second, the basis of Plaintiff's claim against Burls is that he failed to follow ADC policy and procedure. This fails to state a plausible constitutional claim. It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

This leaves Plaintiff's requests concerning Defendant Spell. Plaintiff asks to clarify Claim One as an Eighth Amendment Violation and as Assault and Battery- Excessive Force. He also asks to add Claim Four against Defendant Spell for Intentional Infliction of Emotional Distress. These requests should be denied because Plaintiff knew about the facts on which his proposed amendments were based but omitted the necessary allegations from his initial and First Amended Complaints. Further, he provides no explanation for the failure to add these claims in either of the prior documents, other than that he is *pro se*. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kayne, *Federal Practice and Procedure* § 1488 (3d. ed. Supp. 2022); *see also Green v. City of Southfield, Michigan*, 925 F.3d 281, 286 (6th Cir. 2019) ("Because the Federal Rules command just one free pass . . ." and because the § 1983 plaintiff did not have a good explanation for the last amendment, the district court did not abuse its discretion in denying plaintiff's motion). Thus, Plaintiff's proposed amendments have been produced in bad faith and without excusable neglect. The motion should, therefore, be denied.

### B.  Motion for Default Judgment as to Defendant Spell.

Plaintiff filed his Amended Complaint on April 27, 2022. (ECF No. 9). Defendants were served and initially an Answer was filed on behalf of all three Defendants. (ECF No. 15). Amended Answers were subsequently filed for Defendants Rawlins and Byers, but not Spell. (ECF Nos. 18, 21). Defendant Spell is no longer an employee of the Arkansas Division of Correction and has not requested representation by the Arkansas Attorney General. The Court entered a Show Cause Order to Defendant Spell regarding his failure to file an Answer on August 12, 2022. (ECF No. 30). This Order was served on Defendant Spell by certified mail on August 24, 2022. (ECF No. 35). A Second Show Cause Order was entered on August 12, 2022. (ECF No. 30). This Order was served on Defendant Spell by certified mail on August 24, 2022. (ECF No. 35). To date, Defendant Spell has not answered or otherwise responded to the Complaint. Accordingly, Plaintiff's Motion for Default should be granted, and the Clerk directed to enter a Clerk's Order of Default against Defendant Moore.

### C.  Motion to Lift Protective Order

Plaintiff asks the Court to lift the stay of discovery (ECF No. 38) granted on September 9, 2022, as to Defendant Spell only. (ECF No. 48). Due to the entry of default against Defendant Spell, discovery against him is moot. Accordingly, Plaintiff's Motion to Lift Protective Order should be denied.

### III.  CONCLUSION

Accordingly, it is recommended that:

(1)  Plaintiff's Motion to Amend (ECF No. 39) be DENIED.

(2) Plaintiff's Motion for Default as to Defendant Spell (ECF No. 46) be GRANTED.

(3) Plaintiff's Motion to Lift Protective Order as to Defendant Spell (ECF No. 48) be DENIED.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **10th day of March 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE