IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BUDDY LYNN WHITE                                                                                       PLAINTIFF

v.                                              Case No. 6:22-cv-6037

SERGEANT SPELL, SUPERINTENDENT
BYERS, and MS. VICKY RAWLINS (all of
the ADC Arkansas Division of Correction
Ouachita River Unit)                                                                                 DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation (R&R) filed on March 10, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 49. Plaintiff Buddy Lynn White has objected. ECF No. 50. Thus, the matter is ripe for the Court's consideration.

## I. BACKGROUND

Plaintiff, appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Spell, Superintendent Byers, and Ms. Vicky Rawlins, employees of the Arkansas Division of Correction (ADC) Ouachita River Unit, seeking compensatory and punitive damages. ECF No. 1. On April 27, 2022, Plaintiff filed an amended complaint against Defendants, in which he brings five claims centering on Defendant Spell's alleged sexual assault of Plaintiff and Defendants Byers and Rawlins' alleged deliberate indifference to Plaintiff's allegations regarding that sexual assault. More specifically, Plaintiff's claims are as follows: (Claim 1) Eighth Amendment cruel and unusual punishment claim against Defendant Spell in his individual capacity; (Claim 2) Eighth Amendment cruel and unusual punishment claim against Defendant Byers in his official and individual capacities for deliberate indifference to Plaintiff's sexual

assault; (Claim 3) Eighth Amendment cruel and unusual punishment claim against Defendant Rawlins in her individual capacity for deliberate indifference to Plaintiff's sexual assault; (Claim 4) Eighth Amendment cruel and unusual punishment claim against Defendant Byers in his official and individual capacities; and (Claim 5) a "Gender Motivated Violence Act" claim against Defendant Spell in his individual capacity.  ECF No. 9.

Since the date of his amended complaint, Plaintiff has filed a Motion to Amend 1983 Complaint (ECF No. 39), a Motion for Default Judgment (ECF No. 46), and a Motion to Lift Protective Order (ECF No. 48).  Judge Bryant recommends denying Plaintiff's Motion to Amend 1983 Complaint and Plaintiff's Motion to Lift the Protective Order and recommends granting Plaintiff's Motion for Default Judgment.  ECF No. 49.  The Court addresses each recommendation in turn.

## II. DISCUSSION

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020).  After reviewing a magistrate judge's R&R under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).

The Court must construe pro se objections liberally.  *United States v. Feye*, 568 F. Supp. 3d 962, 967 (N.D. Iowa Oct. 19, 2021).  If the prisoner "files timely and specific objections" to

the magistrate's R&R, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted).

"When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Anderson*, 308 F. Supp. 3d at 1046. "In the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate." *Id.* at 1015. This means that, in the absence of an objection, the district court should review the magistrate judge's report and recommendation under a clearly erroneous standard of review. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). "'[G]eneral and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations' do not trigger *de novo* review." *Lowery v. Walker*, No. 4:18-cv-4108, 2019 WL 5889304, at *2 (W.D. Ark. Nov. 12, 2019) (alteration in original) (quoting *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

### A. Motion to Amend

The Court adopts Judge Bryant's recommendation to deny Plaintiff's Motion to Amend. Plaintiff seeks leave to make multiple amendments to his first complaint. Plaintiff wishes to clarify Claim 1 (against Defendant Spell) as an Eighth Amendment "assault and battery—excessive force" claim; change Claims 2 and 3 (against Defendant Byers and Defendant Rawlins, respectively) from deliberate indifference claims to "conspiracy to interfere[e] with access to the court" claims; add an intentional infliction of emotional distress claim to Claim 4 (against Defendant Byers); and add a new, seventh claim (Claim 7) against Mr. Danny Burls, who is not currently named in the instant lawsuit. Judge Bryant finds that Plaintiff's requests to change

3

Claims 2 and 3, to add an intentional infliction of emotional distress claim to Claim 4, and to add a seventh claim against a new defendant are futile. Plaintiff does not object to these futility findings. *See* ECF No. 50, at 3. Thus, reviewing these findings for clear error and finding none, the Court adopts the recommendations. *See Anderson*, 308 F. Supp. 3d at 1015.

As to Plaintiff's request to "clarify" Claim 1 as to Defendant Spell, Judge Bryant recommends denying those requests. In Judge Bryant's view, "Plaintiff knew about the facts on which his proposed amendments were based but omitted the necessary allegations from his initial and First Amended Complaints" and "provides no explanation for the failure to add these claims in either of the prior [complaints], other than that he is pro se." ECF No. 49, at 8.

Plaintiff objects to this finding. ECF No. 50, at 3. Plaintiff states that "he wants to state for the record that the Plaintiff believes the Court abused its discretion and acted in bad faith when it denied the request to amend the Complaint concerning Defendant Spell." ECF No. 50, at 3. However, Plaintiff does not direct the Court to any specific error of fact or law committed by Judge Bryant, and his belief that Judge Bryant abused his discretion and acted in bad faith, without more, is not specific enough to trigger the Court's de novo review of Judge Bryant's recommendation. *See, e.g.*, *Lowery*, 2019 WL 5889304, at *2. Thus, reviewing Judge Bryant's recommendation for clear error and finding none, the Court adopts Judge Bryant's recommendation to deny Plaintiff's request to amend Claim 1. Ultimately, finding no clear error, the Court adopts *in toto* Judge Bryant's recommendation to deny Plaintiff's motion to amend.

### B. Motion for Default Judgment

The Court also adopts Judge Bryant's recommendation to grant Plaintiff's Motion for Default Judgment. Plaintiff requests entry of default judgment against Defendant Spell, alleging that Defendant Spell was properly served on May 17, 2022, his answer was due on June 7, 2022,

and after Defendant Spell failed to file an answer, the Court entered two show cause orders (the first on July 6, 2022, and the second on August 12, 2022) but, to date, Defendant has not answered the claims against him. ECF No. 46. Judge Bryant agrees with Plaintiff and recommends granting Plaintiff's motion and directing the Clerk of Court to enter a Clerk's Order of Default. ECF No. 49, at 9.[1] Reviewing this recommendation for clear error and finding none, the Court adopts Judge Bryant's recommendation in toto.

### C. Motion to Lift Protective Order

Finally, the Court adopts Judge Bryant's recommendation to deny Plaintiff's Motion to Lift Protective Order. On September 9, 2022, Defendants Byers and Rawlings filed a motion for a protective order. ECF No. 37. In that motion, they requested "a stay of all discovery in this case until the resolution of their Motion for Summary Judgment on the Issue of Exhaustion is resolved." ECF No. 37, at 2. On September 9, 2022, Judge Bryant granted that motion, staying discovery pending a decision on Defendants Byers and Rawlings's Motion for Summary Judgment. ECF No. 38. On November 14, 2022, Plaintiff filed the instant Motion to Lift Protective Order in which he requests that the Court's September 9 protective order be lifted as to Defendant Spell only. ECF No. 48. Judge Bryant recommends denying this motion, stating: "Due to the entry of default against Defendant Spell, discovery against him is moot." ECF No. 49, at 9. Plaintiff objects to this finding. Plaintiff argues that only Defendants Byers and Rawlings requested a protective order, so the Court's September 9 protective order should not encompass discovery as to Defendant

---

[1] Plaintiff files an "objection" to this recommendation to point out a clerical error in Judge Bryant's recommendation. *See* ECF No. 49, at 9 (recommending that the Court direct the Clerk of Court to "enter a Clerk's Order of Default against Defendant Moore"). Although Plaintiff is correct that there is a clerical error on page nine of Judge Bryant's Report and Recommendation, Judge Bryant's conclusion and recommendation, also found on page nine, correctly names Defendant Spell, not a "Defendant Moore." ECF No. 49, at 9 (recommending that "Plaintiff's Motion for Default as to Defendant Spell (ECF No. 46) be GRANTED").

Spell. Plaintiff further argues that he should be allowed to conduct discovery as to Defendant Spell "to show the Court exactly what happen[ed]." ECF No. 50, at 2.

Construing Plaintiff's objection liberally, the Court finds that it is specific enough to trigger de novo review. *See Feye*, 568 F. Supp. 3d at 967. However, even when reviewing Judge Bryant's recommendation de novo, the Court agrees with Judge Bryant that Plaintiff's motion to lift the protective order should be denied. First, Judge Bryant's order granting a protective order (ECF No. 39) and Report and Recommendation (ECF No. 49) do not expressly say which defendants the protective order extends to. However, because only Defendants Byers and Rawlins requested a protective order and Judge Bryant, in a text-only order, granted that motion, the Court construes the protective order as encompassing discovery only as to Defendant Byers and Rawlins, not as to Defendant Spell.

However, even assuming that Plaintiff is correct in his belief that the protective order affects discovery pertaining to Defendant Spell, Judge Bryant is nevertheless correct that discovery against Defendant Spell is now moot. An entry of default is appropriate when, like here, "a party 'has failed to plead or otherwise defend' against a pleading." *Hayek v. Big Brothers/Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2001) (citation omitted). A clerk's entry of default is the first step in a two-step process; after the Clerk of Court makes an entry of default, the party seeking a default judgment "may seek entry of judgment on the default" pursuant to Federal Rule of Civil Procedure 55(b). *Id.* Under this process, *if* Defendant Spell appears and requests that the entry of default judgment be set aside pursuant to Federal Rule of Civil Procedure 55(c) and *if* the Court sets aside the entry of default, the Court will, at that time, instruct the parties as to how discovery shall proceed. However, at this juncture, an entry of default against Defendant Spell is appropriate, and discovery, therefore, would necessarily be inappropriate. Thus, the Court overrules Plaintiff's

6

objection and adopts Judge Bryant's recommendation to deny Plaintiff's motion to lift the protective order *in toto*.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** Judge Bryant's Report and Recommendation (ECF No. 49) *in toto*. Plaintiff's Motion to Amend (ECF No. 39) and Motion to Lift Protective Order (ECF No. 48) are hereby **DENIED**, and Plaintiff's Motion for Default Judgment (ECF No. 46) is hereby **GRANTED**. Accordingly, the Clerk of Court is hereby **DIRECTED** to enter an Order of Default against Defendant Spell.

**IT IS SO ORDERED**, this 20th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge