IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


BUDDY LYNN WHITE                                               PLAINTIFF

v.                              Civil No. 6:22-cv-06037-SOH-MEF

SERGEANT SPELL, [1]                                            DEFENDANTS
SUPERINTENDENT BYERS and
MS. VICKY RAWLINS (Inmate Grievance
Coordinator) (All of the Arkansas Division of
Correction Ouachita River Unit)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is a Motion for Summary Judgment on the Issue of Exhaustion by

Defendants Byers and Rawlins.  (ECF No. 40).

## I.      BACKGROUND

Plaintiff is an inmate confined to the Arkansas Division of Correction ("ADC").  He is

currently confined in the Varner Unit of the ADC.  Plaintiff filed his Complaint on April 7, 2022.

(ECF No. 1).  On April 20, 2022, the Court entered an Order directing Plaintiff to file an Amended

Complaint to correct deficiencies in his Complaint.  (ECF No. 7).  Plaintiff did so on April 27,

2022.  (ECF No. 9).  Plaintiff's claims center on the allegation that Defendant Spell sexually

assaulted him 4-5 times "on or around about late February to early March 2021," while he was

incarcerated in the ADC Ouachita River Unit.  (*Id*. at 4).  Plaintiff brings his first claim against

---

[1] A Clerk's Entry of Default was entered against Defendant Spell on April 20, 2023.  (ECF No. 52).

Defendant Spell in his individual capacity only.  (*Id*. at 5).  Plaintiff alleges Defendant Spell used his position of authority in the ADC to threaten Plaintiff with a disciplinary charge for smoking marijuana if he did not submit to sexual activity with him.  (*Id*.).  Plaintiff states he is heterosexual but acquiesced to Spell's demand because he wanted to go home.  (*Id*. at 5-6).  Plaintiff alleges Spell then fellated him and sodomized him with his finger(s).  (*Id*.).  Plaintiff alleges he was interviewed by ADC Internal Affairs and passed a voice stress analysis examination concerning the assault.  (*Id*. at 4).  Plaintiff characterizes this claim as one of "cruel and unusual punishment/forced sexual assault" and a violation of the Gender Motivated Violence Act.[2]  (*Id*.).

Plaintiff names Defendant Byers for his second claim for the period of "4-19-22 to 12-20-21," alleging that, as Superintendent of the Ouachita River Unit, he is the "highest authority responsible for the appointment employment and oversight of facility staff."  (ECF No. 9 at 6-7).  Plaintiff alleges his "wrongful conduct occurred in his official capacity" when he "failed to properly follow inmate grievance procedural process" concerning Plaintiff grievances about the assault.  (*Id*.).  Plaintiff also alleges Defendant Byers put him in danger when he repeatedly allowed a single ADC officer — known to be a sexual predator — to work multiple guard posts due to a severe staff shortage.  (*Id*. at 7-8).  Plaintiff further alleges that he was moved to a lower inmate status barracks after the assault and ADC staff began to talk about the assault in violation of PREA confidentiality policy.  This resulted in him being labelled a snitch, and he was "violently assaulted" by "N.A.E. gang members" in the new barracks.  (*Id*. at 8).  Plaintiff further alleges Defendant Byers conspired to prevent him from pursuing legal action by refusing to process a grievance about the assault at the Unit level, and otherwise delaying responses or refusing to

---

[2] Plaintiff lists a fifth claim repeating the same facts and assertions against Defendant Spell.  (ECF No. 9 at 13).

process grievances.  (*Id*.).  Plaintiff also alleges that ADC staff lost or stole his paperwork during the process.  (*Id*.).  In the section of the Complaint where Plaintiff is asked to indicate the capacity in which he is suing Defendant(s), Plaintiff checked the box to indicate that he is proceeding against Defendant Byers in his individual capacity.  In the section of the Complaint where Plaintiff is asked to provide details as to an official capacity claim, Plaintiff alleges Defendant Byers "violated ADC policy and procedure" when he allowed a single officer to work multiple guard posts as a widespread practice in the Unit.  (*Id*. at 9).  Plaintiff characterizes his claim against Defendant Byers as a violation of his right to be free from cruel and unusual punishment and deliberate indifference.[3]  (*Id*. at 7).

Plaintiff names Defendant Rawlins for his third claim, alleging she acted with deliberate indifference between September 16, 2021, to December 26, 2021, and violated his rights to be free from cruel and unusual punishment.  (ECF No. 9 at 10).  Specifically, he alleges she conspired with Ouachita River Unit administration to deny Plaintiff access to the grievance process concerning the sexual assault by failing to "properly follow grievance procedure process."  (*Id*. at 10).  Plaintiff alleges her wrongful acts occurred "while acting in her official capacity."  (*Id*.).  In the section of the Complaint where Plaintiff is asked to indicate the capacity in which he is suing Defendant(s), Plaintiff checked the box to indicate he is proceeding against Defendant Rawlins in her individual capacity.  (*Id*.).

Plaintiff seeks compensatory, punitive, and other damages.  He alleges he now suffers from depression, deep-seated anxiety, erectile dysfunction, flashbacks, severe paranoia, and

---

[3] Plaintiff lists a fourth claim repeating the same facts and assertions against Defendant Byers. (ECF No. 9 at 12).

humiliation.  (ECF No. 9 at 14).  As his non-monetary damages, Plaintiff requests a transfer to a safer ADC Unit.[4]  (*Id.*).

Plaintiff timely filed his Motion to Amend his First Amended Complaint on September 9, 2022.  (ECF No. 39).  Defendants Byers and Rawlins[5] filed a Motion for Protective Order on September 8, 2022, asking that discovery be stayed pending a decision on a Motion for Summary Judgment to be filed on September 12, 2022.  (ECF No. 37).  This Motion was granted on September 9, 2022.  (ECF No. 38).  Defendants Rawlins and Byers filed their Motion for Summary Judgment on the Issue of Exhaustion on September 12, 2022.  (EF No. 40).  Plaintiff filed his Response on September 26, 2022.  (ECF Nos. 44, 45).  Plaintiff filed his Motion for Default Judgment against Defendant Spell on October 31, 2022.  (ECF No. 46).  He filed his Motion to Lift Protective Order on November 14, 2022.  (ECF No. 48).  On March 10, 2023, the Honorable Barry A. Bryant, Magistrate Judge, entered a Report and Recommendation concerning Plaintiff's Motions.  (ECF No. 49).  It was recommended that the Motion to Amend and Motion to Lift the Protective Order as to Defendant Spell be denied, and the Motion for Default Judgment as to

---

[4] Plaintiff filed a Motion for "Injunction or Relief" on April 19, 2022.  (ECF No. 6).  In his Motion for Injunction, Plaintiff repeats his Complaint allegation that he was assaulted by "NAE gang members" in April of 2021.  (ECF No. 6 at 1).  He asks the Court to (1) compel ADC staff to return his legal work, documents, and writing supplies; (2) compel the ADC administration to "stop interfering with the Plaintiff now prosecuting his 1983 Complaint"; (3) compel the ADC to transfer him to a safer ADC Unit.  (*Id.* at 2).  Plaintiff also states he believes the ADC will put an inmate in his cell to rape or attack him.  (*Id.*).  In his Affidavit in support of Motion for Injunction, Plaintiff states that after he informed the administration at his current place of confinement that he had filed this action, as well as filing a grievance concerning his lost property, his legal paperwork and property were found and returned to him.  (ECF No. 8).  With these issues moot, the only issue remaining was his request to be transferred to a "safer unit."  This Motion was denied on November 3, 2022.  (ECF No. 47).
[5] Plaintiff filed his Amended Complaint on April 27, 2022.  (ECF No. 9).  Defendants were served and initially an Answer was filed on behalf of all three Defendants.  (ECF No. 15).  Amended Answers were subsequently filed for Defendants Rawlins and Byers, but not Spell.  (ECF Nos. 18, 21).  Defendant Spell is no longer an employee of the Arkansas Division of Correction and has not requested representation by the Arkansas Attorney General.

Defendant Spell be granted.  (*Id.*).  This Report and Recommendation was adopted on April 20, 2023, and the default judgment against Defendant Spell was entered the same day.  (ECF Nos. 51, 52).

In their Motion for Summary Judgment on the Issue of Exhaustion, Defendants argue that summary judgment in their favor is appropriate because Plaintiff never filed any grievances against them concerning a failure to protect or deliberate indifference.  (ECF No. 41 at 6).  In support of their argument, Defendants provide an affidavit from ADC Grievance Supervisor Terri Grigsby-Brown and a copy of the ADC policy controlling the inmate grievance procedure, Administrative Directive 19-34.  (ECF Nos. 40-1, 40-2).  Grigsby-Brown identifies four grievances filed by Plaintiff during the relevant timeframe: SNN21-0081, SNN21-00130, SNN21-00136, and SNN-21-00156.  (ECF No. 40-1 at 3-4).  Grigsby-Brown states that Plaintiff did not name either Byers or Rawlins in these grievances.  Copies of these grievances were not attached as exhibits to the summary judgment record, and no evidence of Plaintiff's ADC grievance history was provided.

In his Summary Judgment Response, Plaintiff argues Defendant Rawlins admitted she received grievances from him naming both Defendants in paragraphs 14, 15, 16, 18 and 21 of her Request for Admissions response.  (ECF No. 44 at 1).  Plaintiff further points to paragraphs 5 and 6 of her Response, and he argues Defendant Rawlins admitted that, if an inmate failed to receive an inmate acknowledgment form, it would obstruct the inmate's access to the grievance process.  (*Id.*).

Plaintiff provides several exhibits in support of his arguments.  Plaintiff's Exhibit 1 is labelled as "Defendant Vicky Rawlins' Responses to Plaintiff's First Set of Requests for Admission."  (ECF No. 45 at 6).  In paragraphs 14, 15, 16, 18, and 21, Defendant Rawlins objects, stating the Request for Admission does not comply with Rule 36 or the Federal Rules of Civil

Procedure because Plaintiff combined interrogatories with requests for admission. (*Id*. at 11-14). In paragraph 14, Defendant Rawlins admits she received a Step Two grievance from "me or Ms. Cash stating due process violation." (*Id*. at 11-12). In paragraph 15, Defendant Rawlins admits she received a Step Two Grievance Form signed by Lt. Whitworth stating missed deadline. (*Id*. at 12). In paragraph 16, Defendant Rawlins admits she received a Step Two grievance from "me or Mr. Byers" stating due process violation. (*Id*.). In paragraph 18, Defendant Rawlins admits she received a Step Two grievance from Plaintiff on December 13, 2021, signed by Lt. Whitworth and naming herself and Warden Byers. (*Id*. at 13). In paragraph 21, Defendant Rawlins admitted in part and denied in part that she received a Step Two grievance from Plaintiff on December 20. 2021, signed by Lt. Whitworth, stating "obstruction to" Plaintiff's access to the grievance process and the Courts. (*Id*. at 14).

In paragraphs 5 and 6 Defendant Rawlins objects because the request was not formatted as a request for admission. (ECF No. 45 at 8). In these two paragraphs, Defendant Rawlins then admits it is her job under the ADC grievance policy to send an inmate an acknowledgment form within 5 days of receiving a Step Two grievance. She further admits that if an inmate failed to receive an acknowledgment form, it would obstruct his access to the grievance process and deny him access to the process at every level. (*Id*.).

In an affidavit, Plaintiff identifies Exhibit 1-A as "six[6] of the eight grievances I filed at ORCU[7] over a three month period, that I repeatedly stated Ms. Rawlins and Mr. Byers conspired to obstruct my access the grievance process." (ECF No. 45 at 17). He states Defendant Rawlins refused to process these grievances. (*Id*.). Plaintiff states Lt. Whitworth and two other sergeants

---

[6] It appears to be five grievances in total.
[7] ADC Ouachita River Unit.

signed them, taking them to a Step Two grievance, but the grievances "either disappeared or was sent back to me." (*Id*.).

Plaintiff attaches a Step Two grievance copy with the date of December 2, 2021. (ECF No. 45 at 18). Plaintiff states he filed SNN21-00136 concerning the sexual assault by Spell and the failure to protect claim against Defendant Byers. (*Id*.). Plaintiff states his reason for filing the Step Two grievance is "I keep reporting that Ms. Rawlins will not process my grievances, but nothing is being done. And there [sic] not being processed. (*Id*.). The Step Two form was signed by Lt. Whitworth. The grievance was not assigned a grievance number (*Id*.).

A second Step Two grievance dated December 20, 2021, is difficult to read, but appears to repeat the same claims as the December 2, 2021, grievance copy. (ECF No. 45 at 20). Plaintiff states his reason for filing the Step Two grievance is "I have not received a unit level response in the allotted timeframe. Therefore I am now filing this as a formal grievance." (*Id*.). The Step Two form was signed by Lt. Whitworth. The grievance was not assigned a grievance number (*Id*.).

A Step Two grievance dated December 4, 2021, states Byers and Rawlins are refusing to process his grievances concerning the sexual assault by Spell. (*Id*. at 21.) He references two earlier grievances signed by Sergeant Stroggins and Sergeant Trichell. Plaintiff speculates the refusal may be a form of retaliation for using the inmate grievance process. (*Id*.). The form is signed by Lt. Whitworth, who writes: "I gave you a paper with your answer." (*Id*.). The grievance was not assigned a grievance number (*Id*.).

A Step Two grievance also dated December 4, 2021, repeats the same claims as the December 2, 2021, grievance copy and states: "Mr. Byers and Ms. Rawlins continue to refuse to process my grievances denying me access to the grievance process." (*Id*. at 22). The form is

signed by Lt. Whitworth, who writes: "I gave you a paper with your answer." (*Id.*). The grievance was not assigned a grievance number (*Id.*).

A Step Two grievance dated November 29, 2021, states Defendant Rawlins and the "Chief deputy/Deputy/Assistant Director" are attempting to "stonewall the processing of a unit level grievance SNN21-00153. As of 11/23/21 this is now the second time a stated deadline has been missed concerning SNN21-00153 without a first a reply or an extension form being sent to me." (ECF No. 45 at 23). Plaintiff states this is a due process violation that is being done to obstruct him from future action in state court over the sexual assault by Spell. (*Id.*). It is signed by Adam Tricell, and he wrote, "Please see attached extension form. You will receive a signed extension form once the warden returns." (*Id.*). Defendant Rawlins also signed the form, and grievance number OR-21-0082 was assigned. (*Id.*).

In an affidavit, Plaintiff identifies Exhibit 2 as a two-page complaint letter that he sent to ADC Deputy Director Reed, with a copy of grievance OR-21-0082. (ECF No. 45 at 24). Plaintiff states he explained to Mr. Reed that Defendant Rawlins was refusing to process his grievances at the unit level. (*Id.*). Plaintiff further states he asks Mr. Reed what could be done, as AD 19-34 did not address what should happen when the grievance supervisor acted in this manner. (*Id.*). Plaintiff alleges Mr. Reed stamped the letter, and this is further proof that he attempted to exhaust his administrative remedies and was prevented from doing so. (*Id.*).

The stamp on the letter states "additional documents and duplicates will not be considered as part of your appeal." (ECF No. 45 at 25). The letter is dated December 19, 2021. (*Id.*). In the letter, Plaintiff states Defendant Rawlins sent back OR-21-0082 to him without processing it and without an acknowledgement form. (*Id.* at 26). Plaintiff also states he wrote two grievances trying to get SNN21-00136 processed and has not heard anything on them yet. (*Id.*).

On March 20, 2023, the case was reassigned to the undersigned due to a District-wide balancing of cases.

## II.      LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). And "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.      ANALYSIS

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199, 219 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances."  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures.  *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Defendants have failed to make a sufficient showing to support their summary judgment motion on the issue of exhaustion.  As evidence to support of their motion, they have provided only the ADC grievance policy AD 19-34 and an affidavit by the ADC Grievance Supervisor Terri Grigsby-Brown.  Grigsby-Brown identifies four grievances filed by Plaintiff and states that none of these grievances named Defendant Byers or Rawlins.  The grievances themselves, however, were not entered into the summary judgment record as exhibits.  Nor was any other objective

evidence concerning Plaintiff's grievance history provided for review.  Further, review of AD 19-34 indicates that grievances where an inmate alleges staff-on-inmate sexual abuse or sexual harassment do not use the typical three-step ADC grievances process.  (ECF No. 40-2 at 2). Grigsby-Brown does not address this issue in her affidavit, instead reciting the usual grievance process.  Nor is this issue addressed in Defendants' Brief.

Taking Plaintiff's allegations and evidence as true, as we must, Plaintiff has provided sufficient evidence to raise material questions of fact as to whether Defendant Byers and Rawlins prevented him from utilizing the ADC grievance procedure and failed to follow ADC grievance policy.  Based on the summary judgment record before the Court, Plaintiff's version of events is that he filed numerous grievances concerning his claims against all Defendants, the grievances were repeatedly delayed, disappeared, or were returned to him unprocessed, often with no explanation.  He has provided copies of grievances which support these allegations.  Several of those copies refer to the grievances identified by Grigsby-Brown in her affidavit.  He further provided a copy of a letter to ADC Deputy Director Reed, which was returned to him with a stamp which did not appear to correctly reflect the purpose of the letter, as the letter was not a grievance appeal.  Instead, Plaintiff wrote to Reed to ask for help because he was not permitted to reach the grievance appeal process in the first place.  The evidence provided by Plaintiff raises a material question of fact as to whether the ADC grievance process was available to him regarding the Spell assault and subsequent claims.  Based on the summary judgment record before the Court, a material question of fact remains on the issue of exhaustion, and summary judgment as a matter of law is not appropriate.

## IV.      CONCLUSION

For the reasons discussed above, it is recommended that the Motion for Summary Judgment on the Issue of Exhaustion by Defendants Byers and Rawlins (ECF No. 40) be DENIED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE