IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BUDDY LYNN WHITE                                                                                          PLAINTIFF

v.                                      Civil No. 6:22-cv-06037-SOH-MEF

SERGEANT SPELL,[1]
SUPERINTENDENT BYERS and
MS. VICKY RAWLINS (Inmate Grievance
Coordinator) (All of the Arkansas Division of
Correction Ouachita River Unit)                                                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is a Motion for Judgment on the Pleadings by Defendants Byers and Rawlins.  (ECF No. 64).

  I.  **BACKGROUND**

  Plaintiff is an inmate confined to the Arkansas Division of Correction ("ADC").  He is currently confined in the Varner Unit of the ADC.  Plaintiff filed his Complaint on April 7, 2022.  (ECF No. 1).  On April 20, 2022, the Court entered an Order directing Plaintiff to file an Amended Complaint to correct deficiencies in his Complaint.  (ECF No. 7).  Plaintiff did so on April 27, 2022.  (ECF No. 9).  Plaintiff's claims center on the allegation that Defendant Spell sexually

---

[1] A Clerk's Entry of Default was entered against Defendant Spell on April 20, 2023.  (ECF No. 52).

1

assaulted him four to five times "on or around about late February to early March 2021," while he was incarcerated in the ADC Ouachita River Unit. (*Id*. at 4).

Plaintiff brings his first claim against Defendant Spell in his individual capacity only. (ECF No. 9 at 5). Plaintiff alleges Defendant Spell used his position of authority in the ADC to threaten Plaintiff with a disciplinary charge for smoking marijuana if he did not submit to sexual activity with him. (*Id*.). Plaintiff states he is heterosexual but acquiesced to Spell's demand because he wanted to go home. (*Id*. at 5-6). Plaintiff alleges Spell then fellated him and sodomized him with his finger(s). (*Id*.). Plaintiff alleges Defendant Spell also assaulted another inmate that same night. (*Id*. at 5). Plaintiff alleges he was interviewed by ADC Internal Affairs and passed a voice stress analysis examination concerning the assault. (*Id*. at 4). He also alleges he filed grievances, and an Incident report was created concerning the incident.[2] (*Id*. at 5). Plaintiff alleges he knows of two other inmates assaulted by Spells. (*Id*. at 6). Plaintiff characterizes this claim as one of "cruel and unusual punishment/forced sexual assault" and a violation of the Gender Motivated Violence Act. (*Id*.).

Plaintiff names Defendant Byers for his second claim for the period of "4-19-22 to 12-20-21," alleging that, as Superintendent of the Ouachita River Unit, he is the "highest authority responsible for the appointment employment and oversight of facility staff." He also notes that he is the final appellate authority over grievances and concerns at the Unit. (ECF No. 9 at 6-7). Plaintiff alleges his "wrongful conduct occurred in his official capacity" when he "failed to properly follow inmate grievance procedural process" concerning Plaintiff grievances about the assault. (*Id*.). Plaintiff also alleges Defendant Byers put him in danger when he repeatedly allowed

---

[2] Plaintiff cites Incident Report ORCU 2021-04-1001, and grievances SNN21-00136, SNN21-0030, and SNN21-00153.

a single ADC officer — known to be a sexual predator — to work multiple guard posts due to a severe staff shortage. (*Id*. at 7-8). Plaintiff further alleges that he was moved to a lower inmate status barracks after the assault and ADC staff began to talk about the assault in violation of PREA confidentiality policy. This resulted in him being labelled a snitch, and he was "violently assaulted" by "N.A.E. gang members" in the new barracks, in part for getting an ADC officer fired. (*Id*. at 8). After the gang attack, Plaintiff alleges "he was held in 7 bks against his will" for a couple of days. (*Id*.). Plaintiff further alleges Defendant Byers conspired to prevent him from pursuing legal action by refusing to process grievances about the assault at the Unit level, and otherwise delaying responses or refusing to process grievances.[3] (*Id*.). Plaintiff also alleges that ADC staff lost or stole his paperwork during the process. This included paperwork from Internal Affairs, the Arkansas State Police, and grievances and grievance responses concerning the sexual assault. (*Id*.). In the section of the Complaint where Plaintiff is asked to indicate the capacity in which he is suing Defendant(s), Plaintiff checked the box to indicate that he is proceeding against Defendant Byers in both his individual and official capacity. (*Id*. at 9). In the section of the Complaint where Plaintiff is asked to provide details as to an official capacity claim, Plaintiff alleges Defendant Byers "violated ADC policy and procedure" when he allowed a single officer to work multiple guard posts as a widespread practice in the Unit due to staff shortages. (*Id*. at 9). Plaintiff characterizes his claim against Defendant Byers as a violation of his right to be free from cruel and unusual punishment and deliberate indifference. (*Id*. at 7).

Plaintiff names Defendant Rawlins for his third claim, alleging she acted with deliberate indifference between September 16, 2021, to December 26, 2021, and violated Plaintiff's right to

---

[3] Plaintiff references Grievances SNN21-001361, SNN21-00001531, SNN21-001561. Plaintiff alleges he filed eight other grievances in addition to these. (*Id*. at 8).

3

be free from cruel and unusual punishment. (ECF No. 9 at 10). Specifically, he alleges she is the Unit Grievance Coordinator, and she conspired with Ouachita River Unit administration to deny Plaintiff access to the grievance process concerning the sexual assault by failing to "properly follow grievance procedure process" and by "denying Plaintiff access to the grievance process at every level." (*Id*. at 10). Specifically, Plaintiff alleges she "drew the process out" for months despite knowing the grievance process was time-sensitive; denied grievances by stating facts were not alleged when they were in the body of the grievance; or she simply refused to process them. (*Id*. at 11). Plaintiff alleges her wrongful acts occurred "while acting in her official capacity." (*Id*.). In the section of the Complaint where Plaintiff is asked to indicate the capacity in which he is suing Defendant(s), Plaintiff checked the box to indicate he is proceeding against Defendant Rawlins in her individual capacity. (*Id*.).

For Claim Four, Plaintiff alleges that Defendant Byers violated his rights from "4-19-21 to 12-20-21." (ECF No. 9 at 12). Plaintiff repeats his allegations that Defendant Byers was the highest authority for the appointment of staff and operation in the Unit, and he permitted a single ADC officer to work multiple guard posts. (*Id*. at 12). Plaintiff alleges ADC logbooks and staffing records will show how under-staffed the ADC was at the time. (*Id*. at 12). Plaintiff further alleges: "Warden Byers had to know of the danger this put the inmate population in. Him allowing this to happen resulted in the ADC staff failing to protect the Plaintiff from a sexual predator Sgt. Spell." (*Id*.). Plaintiff further alleges: "ORCU administration knew Sgt. Spell was a sexual predator who could not keep his hands to himself. He was normally kept away from population. But was allowed to work [the] post because of staff shortages putting inmate population in danger." (*Id*.). Plaintiff proceeds against Defendant Byers for this claim in both his individual and official capacities. (*Id*.).

4

For Claim Five, Plaintiff alleges that Defendant Spell violated the Gender Motivated Violence Act when he sexually assaulted him. (ECF No. 9 at 13). Plaintiff proceeds against Defendant Spell in his individual capacity for this claim.

Plaintiff seeks compensatory, punitive, and other damages. He alleges he now suffers from depression, deep-seated anxiety, erectile dysfunction, flashbacks, severe paranoia, and humiliation. (ECF No. 9 at 14).

Plaintiff timely filed his Motion to Amend his First Amended Complaint on September 9, 2022. (ECF No. 39). Defendants Byers and Rawlins[4] filed a Motion for Protective Order on September 8, 2022, asking that discovery be stayed pending a decision on a Motion for Summary Judgment to be filed on September 12, 2022. (ECF No. 37). This Motion was granted on September 9, 2022. (ECF No. 38). Defendants Rawlins and Byers filed their Motion for Summary Judgment on the Issue of Exhaustion on September 12, 2022. (ECF No. 40). Plaintiff filed his Response on September 26, 2022. (ECF Nos. 44, 45). Plaintiff filed his Motion for Default Judgment against Defendant Spell on October 31, 2022. (ECF No. 46). He filed his Motion to Lift Protective Order on November 14, 2022. (ECF No. 48). On March 10, 2023, the Honorable Barry A. Bryant, Magistrate Judge, entered a Report and Recommendation concerning Plaintiff's Motions. (ECF No. 49). It was recommended that the Motion to Amend and Motion to Lift the Protective Order as to Defendant Spell be denied, and the Motion for Default Judgment as to Defendant Spell be granted. (*Id*.). This Report and Recommendation was adopted on April 20,

---

[4] Plaintiff filed his Amended Complaint on April 27, 2022. (ECF No. 9). Defendants were served and initially an Answer was filed on behalf of all three Defendants. (ECF No. 15). Amended Answers were subsequently filed for Defendants Rawlins and Byers, but not Spell. (ECF Nos. 18, 21). Defendant Spell is no longer an employee of the Arkansas Division of Correction and has not requested representation by the Arkansas Attorney General.

2023, and the Clerk's entry of default against Defendant Spell was entered the same day. (ECF Nos. 51, 52).

Defendants Byers and Rawlins submitted their Motion for Summary Judgment on the Issue of Exhaustion on September 12, 2022. (ECF No. 40). On May 2, 2023, the undersigned entered a Report and Recommendation recommending denial of the Motion because Defendants failed to make a sufficient showing to support their summary judgment motion. (ECF No. 53). The Report and Recommendation was adopted on June 6, 2023, denying the Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 54). The discovery stay was lifted, and a new discovery deadline was set for September 8, 2023, with a new dispositive motion deadline set for October 9, 2023. (ECF No. 56). Defendants sought, and were granted, an extension of time to respond to Plaintiff's discovery requests on August 29, 2023. (ECF Nos. 62, 63).

Defendants Byers and Rawlins filed the current Motion for Judgment on the Pleadings on September 28, 2023. (ECF No. 64). They argue the doctrine of sovereign immunity bars Plaintiff's official capacity claims and qualified immunity bars his individual capacity claims. (ECF No. 65 at 5-6). More specifically regarding the individual capacity claims, they argue that supervisory liability and vicarious liability fail to establish a constitutional violation; failure to follow ADC policy is not a constitutional violation; Plaintiff has failed to state a claim for denial of access to courts; Plaintiff has not stated a claim for deliberate indifference; Plaintiff does not have standing to raise a claim on behalf of another inmate,[5] and Plaintiff has not alleged any

---

[5] The Court does not read Plaintiff's Amended Complaint as attempting to bring this case on behalf of other inmates. Instead, it appears that Plaintiff merely provides the names of other inmates in his Amended Complaint and Response as evidence of a pattern of sexual assault against inmates by Defendant Spells, and in support of his allegation that Defendant Byers and the ADC Unit administration were well aware of Defendant Spells' propensities and activities. As such, this argument will not be considered further.

6

physical injury caused by Defendant Byers or Rawlins. (*Id*. at 7-16). Defendants also filed a Motion to Stay the discovery and dispositive motion deadlines until a decision was entered on this Motion. (ECF No. 66). That Motion was granted on September 29, 2023. (ECF No. 68).

The Court entered an Order directing Plaintiff to file his Response, which he did on October 18, 2023. (ECF Nos. 69, 70). In the document labelled as his Response, Plaintiff argues that Defendants are not entitled to qualified immunity as a matter of law. (ECF No. 70 at 1). He argues Defendant Byers and Rawlins failure to adequately respond to grievances of sexual assault and improper behavior is "not inconsistent with Plaintiff right of meaningful access to the Courts." (*Id*.). Plaintiff further argues that Defendant Byers knew that Defendant Spell had repeatedly sexually assaulted inmates. Specifically, Plaintiff argues that multiple grievances about Spell had been filed by inmates "before Plaintiff's sexual assault occurred." (*Id*. at 2). He further argues that Defendant Byers and Rawlins "retaliated against the Plaintiff for calling the Arkansas State Police and reporting the sexual assault." (*Id*.) He notes that both Defendants "knowingly and willingly obstructed Plaintiff's access to the grievance process." (*Id*.). Plaintiff argues his claim is not based on *respondeat superior* because "each Defendant was personally involved in the alleged Constitutional violation." (*Id*.). Finally, he argues they lost the right to any claim of sovereign immunity or qualified immunity when they conspired with other ADC employees to protect their employer by obstructing Plaintiff's right to pursue legal claims for his sexual assault. (*Id*.).

In his document labelled as a Brief, Plaintiff argues that Defendant Byers and Rawlins "knowingly and willingly conspired and retaliated against him as they prevented Plaintiff from utilizing the grievance procedure. . . .." (ECF No. 71 at 1). Plaintiff further argues that Defendant Byers knew that Defendant Spells had sexually assaulted another inmate four to five months before

7

Defendant Spells sexually assaulted the Plaintiff." (*Id*.). Plaintiff addresses Defendants' argument that his statement that Defendant Spells was a known sexual predator is merely a conclusory statement by pointing out that he has not been allowed to complete discovery. (*Id*.). Plaintiff argues that counsel for Defendants has lied to both him and the Court concerning discovery activities and does not want the facts of the case to come out. (*Id*. at 1-2). He further notes that they do not deny that he was sexually assaulted. (*Id*. at 2).

Plaintiff argues that he was forced to call the Arkansas State Police because ADC Internal Affairs did not properly investigate the incident and Unit administration refused to act or believe that he had been assaulted. (ECF No. 71 at 3). Plaintiff notes that Defendant Spell quit his job with the ADC as soon as he was contacted about the incident. (*Id*.). Thus, Plaintiff's transfer to a lower-class barracks was not to protect him from Defendant Spell, who was already gone; it was, instead, a retaliatory move on the part of the ADC for his report to the Arkansas State Police. (*Id*.). He further argues that both Defendants' attempt to deny him the grievance process and take his paperwork was also a retaliatory action against him motivated by his call to the Arkansas State police. (*Id*.). Plaintiff argues Defendant Byers was aware that Defendant Spell was a sexual predator because there had been numerous reports and complaints brought against Spell for sexual assault prior to Plaintiff's assault. (*Id*. at 1, 3).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings. The Court applies the same standard on a motion for judgment on the pleadings as it would on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (noting the "distinction is purely formal" as courts review a Rule 12(c) motion for judgment on the pleadings under the same standard courts consider

a Rule 12(b)(6) motion to dismiss). A "judgment on the pleadings is appropriate when there are no material facts to resolve[,] and the moving party is entitled to a judgment [in his favor] as a matter of law." *Mills v. City of Grand Forks*, 614 F.3d 495, 497-98 (8th Cir. 2010).

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will consider well pleaded factual allegations in the Complaint as true, and it will construe all reasonable inferences from the pleadings in favor of the non-moving party. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). However, while the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Additionally, the Court may only consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record in ruling upon a Rule 12(c) motion. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### III.    ANALYSIS

#### A.    Official Capacity Claims

Plaintiff's official capacity claims against Defendants Byers and Rawlins are subject to dismissal. Both Defendants are identified as employees of the Arkansas Division of Correction. "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich.*

*Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). As Defendants Byers and Rawlins are state employees, Plaintiff's official capacity claims against them are subject to dismissal.

B.   **Individual Capacity Claims**

This leaves Plaintiff's individual capacity claims against Defendants Byers and Rawlins. As noted above, when considering a motion for judgment on the pleadings pursuant to Rule 12(c), the "court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). Under Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat [such a] motion with the greatest of care and deny it if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Comcast Cable Commun., LLC v. Hourani*, 190 F. Supp. 3d 29, 32 (D.D.C. 2016); *Roemhild v. Jones*, 239 F.2d 492, 494 (8th Cir. 1957)) ("The policy of the courts is to dispose of law suits on their merits whenever possible rather than on motions for judgments on pleadings. Such a motion is proper only if no material issue of fact is presented by the pleadings."). Thus, "[j]udgment on

the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." (*Id.*).

As was previously determined during the pre-service screening required by the Prison Litigation Reduction Act ("PLRA"), Plaintiff stated plausible claims for failure to protect and First Amendment retaliation in his Amended Complaint. Plaintiff provided clarification for those claims in his Response to the Defendants' Motion for Judgment on the Pleadings.

To prevail on a failure to protect claim, Plaintiff must establish: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted).

The first prong is an objective requirement to ensure the deprivation of a constitutional right is sufficiently serious. *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010). "The deprivation is objectively, sufficiently serious, under the first requirement when the official's failure to protect resulted in the inmate being incarcerated under conditions posing a substantial risk of serious harm." *Id*. (cleaned up). The second prong, however, is subjective, requiring Plaintiff to show the named official "both knew of and disregarded 'an excessive risk to inmate's health or safety.'" *Holden*, 663 F.3d at 341 (quoting *Farmer*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007).

There does not appear to be any dispute at this time that Plaintiff was sexually assaulted by Defendant Spells as described in his Amended Complaint. Plaintiff has alleged that Defendant Byers was the Superintendent of the ADC Unit where he was assaulted, and, as such, that he was responsible for the hiring and oversight of ADC employees at the Unit. Byers was also the final

11

appellate authority over inmate grievances and other concerns for that Unit. Plaintiff alleges that, prior to his assault, other inmates filed complaints and grievances concerning sexual assaults by Spells. Plaintiff has repeatedly alleged that ADC administration at the Unit, of which Defendant Byers was a member, was aware of Defendant Spells' inability to "keep his hands to himself" with inmates. As a result, Spells was not normally assigned to posts where he was in contact with the inmate population. Plaintiff alleges Defendant Byers "had to know" of the danger Spells posed to the inmates but still permitted him to work multiple guard posts alone, unsupervised, and in contact with inmates due to a severe staff shortage at the Unit. This resulted in Defendant Spells' sexual assault of Plaintiff and other inmates. Based on these allegations, Plaintiff has alleged a plausible failure to protect claim against Defendant Byers in his individual capacity sufficient to survive Rule 12(c) scrutiny.

Plaintiff also alleged sufficient facts to survive Rule 12(c) scrutiny for his First Amendment retaliation claim. To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001) (citation omitted); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id.*; *See also Dixon v. Brown*, 38 F.3d 379,

12

380 (8th Cir. 1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement.").

Reporting a sexual assault and filing a prison grievance are both protected First Amendment activities for an inmate. *See Santiago*, 707 F.3d at 991 (filing a prison grievance is a protected activity); *East v. State of S. Dakota*, No. 4:22-CV-04126-RAL, 2023 WL 1991424, at *7 (D.S.D. Feb. 14, 2023) ("Lawsuits, grievances, and sexual abuse reports are protected First Amendment activities. . .") (citing *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007)). Plaintiff alleges that after he reported the assault, he suffered several negative actions which he describes as retaliatory. He alleges he was quickly transferred to a lower-class barracks, and notes that this transfer could not have been done to protect him from Spell because Spell no longer worked at the ADC Unit. He alleges ADC staff leaked information about his reported sexual assault to inmates; that he was labelled a "snitch," and he was physically assaulted by an inmate gang for being a snitch and getting an ADC guard fired. Finally, he alleges ADC staff — in particular Defendant Byers and Defendant Rawlins — then conspired to prevent him from utilizing the ADC grievance process to protect the ADC from legal liability. This conspiracy included the confiscation of paperwork, much of which was then lost or simply not returned. He alleges Defendants Byers and Rawlins "knowingly and willingly obstructed his access to the grievance process." Plaintiff alleges both Defendants were involved in the loss of his paperwork. Plaintiff has identified numerous grievances he filed which were then obstructed.

Based on these allegations, Plaintiff has stated a plausible First Amendment retaliation claim against Defendants Byers and Rawlins sufficient to survive Rule 12(c) scrutiny. *See, e.g., Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907 (8th Cir. 2013) (issue of material fact precluded summary judgment on First Amendment retaliation claims arising from alleged obstruction of

13

inmate's access to grievance process); *Sisneros v. Nix*, 95 F.3d 749, 751 (8th Cir. 1996) (the prohibition against punishment for the exercise of First Amendment rights applies to the transfer of inmates).

Material questions of fact concerning these claims cannot be resolved without discovery and they are not appropriate for dismissal under Rule 12(c).

### IV.   CONCLUSION

Accordingly, it is recommended that the Motion for Judgment on the Pleadings by Defendants Byers and Rawlins (ECF No. 64) be GRANTED IN PART and DENIED IN PART. It is recommended that the Motion be GRANTED as to Plaintiff's official capacity claims against Defendants Byers and Rawlins. It is further recommended that the Motion be DENIED as to Plaintiff's individual capacity claims against Defendants Byers and Rawlins.

Referral Status: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of May 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE